IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>KELLEY JAMES WILSON,<br>　　　　　　　Defendant. | CASE NO: **4:15CR3058**<br><br>**DETENTION ORDER** |

　　　The defendant is charged with a drug crime under the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the defendant could be required to serve ten or more years in prison.  On the government's motion, the court afforded the defendant an opportunity for a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f).  The court concludes the defendant must be detained pending trial.

　　　There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant committed a drug crime under the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the defendant could be required to serve ten or more years in prison.  The defendant has not rebutted this presumption.

　　　Based on the information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public

　　　Specifically, the court finds that the defendant has a criminal record which indicates a propensity to violate the law and court orders; has a propensity to harm or threaten harm to others; is addicted or abuses mood-altering chemicals and is likely to continue such conduct and violate the law if released; has limited employment contacts; has failed to appear for court proceedings in the past; offered no evidence to rebut the statutory presumption of detention; and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

Directions Regarding Detention

　　　The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

　　　Dated June 5, 2015

　　　　　　　　　　　　　　　　　　　　　　　　　　BY THE COURT:
　　　　　　　　　　　　　　　　　　　　　　　　　　*s/ Cheryl R. Zwart*
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge